UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cr-224-MOC

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | ORDER |
| v. | ) |  |
|  | ) |  |
| DONYELL BOUSHON MINOR, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Home Confinement. (Doc. No. 26). Defendant, an inmate at Butner Federal Correctional Institution Medium I, in Butner, North Carolina, seeks to be released from prison under the compassionate release provision in 18 U.S.C. § 3582(c)(1)(A)(i) as a means to control the spread of the coronavirus within prison. For the following reasons, Defendant's motion is denied.

## I. BACKGROUND

On August 7, 2017, Defendant pleaded guilty to conspiracy to distribute and to possess with intent to distribute cocaine base. On November 20, 2017, this Court sentenced Defendant to 97 months imprisonment, to be followed by five years of supervised release. (Doc. No. 24). On April 8, 2020, the Clerk's Office received Defendant's pending motion, seeking to be released to home confinement due to the coronavirus, and citing 28 U.S.C. § 3582(c)(1)(A). Defendant cites diabetes, high blood pressure, and high cholesterol, and notes medications he takes for them, but he includes no medical records.

## II. DISCUSSION

For the reasons stated in the Government's brief in opposition, Defendant's motion is denied. Specifically, as the Government notes, Defendant has failed to provide the Bureau of Prisons ("BOP") with the required 30-day period to evaluate his request for compassionate release because of COVID-19. See 28 U.S.C. § 3582(c)(1)(A).[1] As the Government explains extensively in its opposing brief, the BOP is in a better position than the district courts to determine whether an individual defendant's circumstances and the prison environment warrant relief in light of cononavirus concerns.[2] In any event, even if this Court were to determine that Defendant can overcome the statutory 30-day requirement for BOP review, Defendant's release is not appropriate because he cannot establish "extraordinary and compelling reasons [to]

---

[1] The Government notes in its opposing brief that the BOP is actively working on containing the spread of the coronavirus within prisons. The BOP has, among other steps, limited access to prisons, restricted prisoner movements within prisons, used screening and testing, sought to educate inmates and staff on preventing the spread of disease, begun providing masks and hand cleaners, separated ill inmates, and—in appropriate cases—released inmates for home confinement under 18 U.S.C. § 3624(c)(2), as amended by § 12003(b)(2) of the CARES Act. Before the CARES Act was passed, § 3624(c)(2) provided the BOP with the exclusive authority to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." Congress has now, temporarily, expanded this provision, while leaving its application to the BOP. As part of the CARES Act, Congress sought to address the spread of the coronavirus in prison by permitting the BOP to expand the use home confinement under § 3624(c)(2). Section 12003(b)(2) suspends, during the emergency of the coronavirus pandemic, the limitation in § 3624(c)(2) that restricts home confinement to the shorter of 10 percent of the inmate's sentence or 6 months, once the Attorney General makes requisite finding that emergency conditions will materially affect the function of the BOP. Section 12003(b)(2) provides that "if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate." The Attorney General made those findings on April 3, 2020, conferring on the BOP the authority to expand its use of home confinement. As the Government notes, the BOP is actively reviewing all inmates who have COVID-19 risk factors, without first requiring inmates to request home confinement, and the BOP is better suited than the district courts to assess which inmates qualify for home confinement.

[2] The Court greatly appreciates the Government's exhaustive response and explanation of the efforts being made by the BOP to fight the spread of the coronavirus in prisons.

warrant such a reduction" under Section 3582(C)(1)(A)(i). Defendant has provided no medical documentation, he does not appear to have overly serious health issues, and he has a serious criminal history indicating he is at risk of recidivism. Notwithstanding the Court's decision to deny Defendant's motion, the denial remains without prejudice to Defendant to seek home confinement with the BOP. Because the BOP is in a better position than this Court to determine whether Defendant's circumstances warrant home confinement, the Court defers to any decision rendered by the BOP.

Signed: April 27, 2020

Max O. Cogburn Jr
United States District Judge