UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cr-224-MOC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) ) ) | ORDER |
| v. | ) ) | |
| DONYELL BOUSHON MINOR, | ) ) | |
| Defendant. | ) | |

**THIS MATTER** comes before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 39), on the Government's Motion to Dismiss, (Doc. No. 42), and on Defendant's Motion to Strike the Government's Motion to Dismiss and Motion to Appoint Counsel, (Doc. No. 43).

Defendant, an inmate at Butner Medium I FCI, seeks a reduction of his sentence based on the COVID-19 pandemic. This is his third motion for compassionate release.

Title 18, Section 3582(c)(1)(A)(i) authorizes criminal defendants to request compassionate release from imprisonment based on "extraordinary and compelling reasons." But before doing so, they must at least ask the Bureau of Prisons to do so on their behalf and give the Bureau thirty days to respond. See United States v. Raia, No. 20-1033, 2020 WL 1647922, at *1 (3d Cir. Apr. 2, 2020). Here, as the Government asserts in its brief in support of the motion to dismiss, Defendant did not exhaust his administrative remedies before filing this motion.

Defendant submits that he exhausted his administrative remedies by submitting a request to the warden. (Doc. No. 39 at p. 1). However, this request and the warden's denial are from

December 2020. Further, the Government notes that it contacted a BOP staff attorney, who stated that the only request to the warden was from December 2020 and that there is nothing in BOP's records to establish that Defendant satisfied the exhaustion requirement before filing this third and most recent motion. The BOP staff attorney also informed the Government that Defendant appealed the warden's December 2020 denial to the Central Office, which appeal is pending. Even though Defendant made a similar request for release to the BOP in December 2020, the compassionate release statute reserves to the warden at Butner Medium I FCI the ability to initially assess Defendant's request for release, his health, and the conditions inside the prison. Defendant has not afforded the Butner Medium I FCI warden that opportunity delegated first to the BOP consistent with the exhaustion requirement in § 3582(c)(1)(A.

In sum, because Defendant has not exhausted available administrative remedies, the Court denies Defendant's motion and grants the Government's motion to dismiss. To this extent, Defendant's Motion to Strike the Government's motion to dismiss is denied. Furthermore, Defendant's Motion to Appoint Counsel is denied, as he has no constitutional right to counsel in assisting him with filing a post-conviction motion to vacate. See Pennsylvania v. Finley, 481 U.S. 551, 554 (1987); Hunt v. Nuth, 57 F.3d 1327, 1340 (4th Cir. 1995).

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 39), is **DENIED**, without prejudice to Defendant to refile the motion after he has exhausted his remedies with the BOP. To this extent, the Government's Motion to Dismiss, (Doc. No. 42), is **GRANTED**. Finally, Defendant's Motion to Strike and Motion to Appoint Counsel, (Doc. No. 43) are **DENIED**.

Signed: August 11, 2021

Max O. Cogburn Jr.
United States District Judge