UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cr-224-MOC-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| **DONNELL BOUSHON MINOR,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's Pro Se Motion for Reconsideration. (Doc. No. 45). The Government has responded in opposition to the motion, and Defendant has filed a Reply.

I.   BACKGROUND

Defendant is serving a 97-month sentence for conspiracy to distribute and to possess with intent to distribute cocaine base. (Doc. No. 24). Defendant's criminal history score was five, establishing a criminal history category of III. (Doc. No. 20). He has prior convictions for Assault on a Female, Sell Schedule II, Possession of Drug Paraphernalia, and Maintaining a Place for Controlled Substances and Possession of Schedule VI, among others. (Id.).

Defendant is incarcerated at Butner FCI in Butner, North Carolina. On April 8, 2020, Defendant filed a motion for compassionate release, citing his diabetes, high blood pressure, and high cholesterol as a basis for compassionate release. (Doc. No. 26 (First Motion)). Defendant provided no medical records in that filing, nor did he make the required petition to the warden for compassionate release. (Id.). The Government opposed Defendant's motion. (Doc. No. 27). This Court denied the motion on April 27, 2020, holding that Defendant failed to provide the

-1-

BOP with the required 30-day period to evaluate his request for compassionate release. (Doc. No. 28 at p. 2). Further, the Court held that, notwithstanding the statutory 30-day requirement for BOP review, "Defendant's release is not appropriate because he cannot establish "extraordinary and compelling reasons [to] warrant such a reduction" under Section 3582(C)(1)(A)(i)." The Court also noted that Defendant did not provide medical documentation and that his serious criminal history was indicative of a risk of recidivism. (Id. at pp. 2–3).

On July 2, 2020, Defendant filed a second pro se motion for compassionate release. (Doc. No. 29 (Second Motion)). The Court denied Defendant's second motion on July 22, 2020, citing its prior Order and reiterating that Defendant posed a danger to the community and the § 3553(a) factors weigh against release. (Doc. No. 30). On August 27, 2020, Defendant filed a motion for reconsideration, which the Court denied on September 11, 2020. (Doc. Nos. 31 and 32). On October 16, 2020, Defendant filed a pro se notice of appeal. On April 22, 2021, the Fourth Circuit Court of Appeals affirmed the Court's denial of Defendant's motion. (Doc. No. 37).

On May 28, 2021, Defendant filed a third motion for compassionate release, reasserting the same arguments made to this Court in his prior filings. (Doc. No. 39). On June 23, 2021, the Government filed a motion to dismiss the third motion for compassionate release, asserting that Defendant had not exhausted his administrative remedies. (Doc. No. 42). On August 11, 2021, the Court denied without prejudice Defendant's third motion and granted the Government's motion to dismiss. (Doc. No. 44).

On August 27, 2021, Defendant filed the pending Motion to Reconsider. (Doc. No. 45). On September 8, 2021, this Court ordered the Government to respond to the Motion. (Doc. No. 46). The Court furthered ordered that "if the Government agrees that Defendant has exhausted

his administrative remedies as to his latest motion for compassionate release, the Government may address the merits of Defendant's underlying motion for compassionate release." (Id.). The Government has now filed its response, agreeing that Defendant has now exhausted his administrative remedies. The pending motion for reconsideration is now ripe for disposition.

In support of the underlying merits of his motion for compassionate release, Defendant cites his chronic medical conditions, including diabetes, high blood pressure, and high cholesterol as the basis for release. His medical records indicate that he takes medication for them which appear to be under control. (Doc. No. 39 and Exhibits).

## II. DISCUSSION

By its terms, 18 U.S.C. § 3582(c)(1)(A) permits the Court to reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Sentencing Commission has issued a non-binding policy statement addressing motions for reduction of sentences under § 3582(c)(1)(A).[1] As relevant here, the non-binding

---

[1] In a recent decision, the Fourth Circuit determined that the policy statement is no longer binding on courts deciding compassionate release motions because U.S.S.G. § 1B1.13 was enacted before the First Step Act. United States v. McCoy, 981 F.3d 271 (4th Cir. 2020). Specifically, the Fourth Circuit held that the policy statement found in U.S.S.G. § 1B1.13 does not apply to compassionate release motions brought by inmates under 18 U.S.C. § 3582(c)(1)(A)(i). Id. at pp. 281–83. The McCoy Court reasoned that, because Section 1B1.13 applies only to motions brought by the Bureau of Prisons, it cannot be the policy statement

-3-

Case 3:17-cr-00224-MOC-DSC   Document 50   Filed 11/29/21   Page 3 of 7

policy statement provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction"; (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and (iii) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

The policy statement includes an application note specifying the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is: (I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). The application note also sets out other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. U.S.S.G. § 1B1.13, cmt. n.1(B)-(C).

---

applicable in circumstances where defendants bring their own motions for compassionate release. Id. In place of the no-longer-applicable policy statement, McCoy permits "courts [to] make their own independent determinations of what constitutes an 'extraordinary and compelling reason[ ]' under § 3582(c)(1)(A), as consistent with the statutory language[.]" Id. at 284. The McCoy Court noted, however, that Section 1B1.13 "remains helpful guidance even when motions are filed by defendants." Id. at 282 n.7. Because this Court finds that the policy statement is extremely helpful in assessing motions for compassionate release brought by defendants, the Court will rely on it as guidance.

Finally, in addition to the non-binding policy statement, the Fourth Circuit has recently clarified that courts may make their own independent determinations as to what constitute "extraordinary and compelling reasons" to warrant a reduction of sentence under Section 3582(c)(1)(A). United States v. McCoy, 981 F.3d 271 (4th Cir. 2020).

The mere existence of the COVID-19 pandemic, which poses a general threat to every non-immune person in the country, cannot alone provide a basis for a sentence reduction. The conditions described in U.S.S.G. § 1B1.13 encompass specific serious medical conditions afflicting an individual inmate, not generalized threats to the entire population. As the Third Circuit has held, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

That does not mean, however, that COVID-19 is irrelevant to a court's analysis of a motion under Section 3582(c)(1)(A). If an inmate has a chronic medical condition that has been identified by the CDC as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition may satisfy the standard of "extraordinary and compelling reasons." Under these circumstances, a chronic condition (i.e., one "from which [the defendant] is not expected to recover") reasonably may be found to be "serious" and to "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility," even if that condition would not have constituted an "extraordinary and compelling reason" absent the risk of COVID-19. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii)(I).

Defendant's request for a sentence reduction will be denied because he has failed to show extraordinary and compelling circumstances warranting his early release from prison. Here,

Defendant presents the risk factors of diabetes, hypertension, and high cholesterol, but he no longer presents an "extraordinary and compelling reason" because he has declined vaccination. On February 8, 2021, Defendant was offered and refused the Pfizer-BioNTech vaccine.

In addition to the fact that Defendant has not shown extraordinary and compelling reasons for compassionate release, the Court has also considered pertinent circumstances, including the 3553(a) factors, and possible danger to the community. See 18 U.S.C. § 3582(c)(1)(A). The nature and circumstances of Defendant's offense, combined with his lengthy criminal history, establishes that Defendant will still pose a danger to the community if released. Defendant's criminal history underscores that the statutory sentencing factors do not support his request for release. At sentencing, his criminal history category was a III. See (Doc. No. 20 at ¶ 40). Defendant presents a "serious" risk of recidivism given that he committed this offense after having several other drug-related arrests and convictions and an assault on a female conviction.

The Court further notes that, at sentencing, the Court imposed a sentence of 97-months after granting the government's sealed motion. This was below the advisory guideline range of 135 to 168 months. As a result, reducing Defendant's sentence through compassionate release would be inconsistent with the § 3553(a) factors because it would fail to promote respect for the law. See, e.g., United States v. Bryant, No. 4:19cr47, 2020 WL 7497805, at *6 (E.D. Va. Dec. 21, 2020) (finding that compassionate release "would not promote respect for the law" where the defendant "already received a sentence below the recommended advisory guideline range, and ha[d] over one year remaining on that sentence"). Because the § 3553(a) factors counsel against relief, Defendant is not entitled to compassionate release.

In sum, for all these reasons, the Court denies Defendant's motion. This Court notes that,

in light of United States v. McCoy, the Court has made its own independent determination as to what constitute "extraordinary and compelling reasons" to warrant a reduction of sentence under Section 3582(c)(1)(A). Having thus considered defendant's motion and reviewed the pleadings, the Court enters the following Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's Pro Se Motion for Reconsideration, (Doc. No. 45), is **GRANTED** to the extent the Court has now considered the merits of Defendant's underlying motion for compassionate release.

The Court now **DENIES** the motion for compassionate release on the merits.

Signed: November 24, 2021

Max O. Cogburn Jr
United States District Judge